UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**BRETT R. JARVIE,**
  **Plaintiff,**

  v.      No. 07-1026

**MIKE MCCOY,**
  **Defendant.**

### MEMORANDUM OPINION AND ORDER

  Before the court is the defendant, Mike McCoy's unopposed summary judgment motion [15] pursuant to FRCP 56(b).

  The plaintiff's only claim is that he had to sleep on the floor for 40 days while awaiting trial and was never placed in a cell. Defendant asserts that Plaintiff failed to exhaust his administrative remedies at the Peoria County Jail with regard to this claim and therefore, Defendant is entitled to summary judgment.

### Standard

  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

  "Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

### Undisputed Material Facts

1. Plaintiff was an inmate at the Peoria County Jail from June 23, 2006 to September 27, 2006. *See* Affidavit of Steve Smith, Exhibit A attached to summary judgment motion.
2. Plaintiff slept on the floor of the jail during his incarceration at the Peoria County Jail. *See* Plaintiff's Complaint.
3. There is a grievance procedure available to inmates at the Peoria County Jail and such procedure was available to inmates during the time of Plaintiff's incarceration. Affidavit of Steve Smith, Exhibit A and Exhibit B, Jail Rules, excerpt [15].
4. The Peoria County Inmate grievance procedure required that appeals be in writing using the Inmate Request Form. *See Id.*
5. Plaintiff did not make a written complaint about being kept on the floor. *See Id.*

### Discussion and Conclusion

The Prison Litigation Reform Act prohibits prisoner lawsuits "until such administrative remedies as are available are exhausted." (42 U.S.C. §1997e(a). A prisoner must follow the prison's procedures and format to exhaust his administrative remedies. *See Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005)). "For a prisoner to exhaust his remedies within the meaning of §1997e(a), he 'must file complaints and appeals in the place, and at the time, the prison's administrative rules require.' " *Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005, *quoting Pozo v. McCaughtry*, 286 F.3D 1022, 1025 (7th Cir. 2002)). The defendant argue that judgment should be entered against the Plaintiff and for the Defendant because the Plaintiff failed to exhaust his administrative remedies on this claim. The Peoria County Jail has an inmate grievance procedure, and such procedure existed at the time alleged in Plaintiff's Complaint. The Plaintiff did not file a written complaint on an Inmate Request Form as was required by the Peoria County inmate rules. Therefore, as the Plaintiff failed to exhaust his administrative remedies with regard to his complaint and the plaintiff's lawsuit is dismissed, without prejudice, pursuant to 42 U.S.C. §1997e(a)..

**It is therefore ordered:**

1. **Pursuant to  42 U.S.C. §1997e(a), the defendants' summary judgment motion [15] is granted only to the extent that the plaintiff's lawsuit is dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing his lawsuit. The clerk of the court is directed to terminate this lawsuit, forthwith.**

2.  If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

Enter this 23rd day of September 2008.

s\Harold A. Baker

_____
Harold A. Baker
United States District Judge